UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

April 20, 2018

## LETTER MEMORANDUM

Re: *MHA, LLC v. UnitedHealth Group Inc., et al.*
    Civil Action No. 17-2759 (ES) (JAD)

Dear Parties:

Pending before the Court is United's[1] motion to compel arbitration or, in the alternative, to dismiss for failure to state a claim.[2] (D.E. No. 15). After the parties briefed United's motion, the Court requested supplemental briefing "on the sole issue of whether the Court should adopt the reasoning in its March 23, 2017 Opinion and hold that the parties must arbitrate whether MHA's claim in this action is arbitrable." (D.E. No. 21 at 3).

The Court has considered the parties' supplemental briefing, as well as their earlier submissions in support of and in opposition to United's motion, and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, United's motion to compel arbitration is GRANTED in relevant part.

As the Court set forth in its March 1, 2018 Order, this action is related to another civil action (the "Related Action")[3] that was pending before the Court when United moved but was administratively closed on March 1, 2018 while the parties arbitrate. (*See* D.E. No. 21 at 1; *see also* Related Action, D.E. No. 45). The Related Action involves identical parties and arbitration agreements. (*See* D.E. No. 1-2, Civil Cover Sheet). On March 23, 2017, the Court issued an Opinion in the Related Action holding that "the parties have clearly and unmistakably agreed to submit the question of arbitrability of MHA's claims to arbitration." (Related Action, D.E. No. 43 at 9). The Court also found "no basis in fact or law supporting that, because MHA purportedly brought derivative claims in the instant action, the question of who decides whether MHA's claims are arbitrable must necessarily be resolved by this Court." (*Id.* at 12) (footnote omitted).

---

[1] The Court uses "United" to refer collectively to: Defendants UnitedHealth Group Incorporated; United Healthcare Services, Inc.; United Healthcare Insurance Company; UnitedHealthcare, Inc.; Americhoice of New Jersey, Inc. d/b/a United Healthcare Community Plan; Oxford Health Plans (NJ), Inc.; and Oxford Health Plans, LLC. The Court uses "MHA" to refer to Plaintiff MHA, LLC, d/b/a Meadowlands Hospital Medical Center.

[2] The Court previously denied United's motion for sanctions. (*See* D.E. No. 21 at 3).

[3] *MHA, LLC v. UnitedHealth Group, Inc., et al.*, Civil Action No. 15-7825-ES-JAD.

"A motion to compel arbitration calls for a two-step inquiry into (1) whether a valid agreement to arbitrate exists and (2) whether the particular dispute falls within the scope of that agreement." *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005); *see also CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 172 (3d Cir. 2014) ("Until a court determines whether arbitration should be compelled, however, judicial review is limited to two threshold questions: (1) Did the parties seeking or resisting arbitration enter in a valid arbitration agreement? (2) Does the dispute between those parties fall with[in] the language of the arbitration agreement?") (citation and internal quotation marks omitted).

MHA argues, among other things, that its arbitration agreements with United do not apply in this case because it is seeking to enforce the rights of ERISA plan beneficiaries, who never agreed to arbitrate their claims. (*See* D.E. Nos. 17 & 23). According to MHA, the ERISA plan beneficiaries' assignment of their rights to MHA does not invoke the arbitration agreements between MHA and United. (*See id.*). MHA relies heavily on the Third Circuit's decision in *CardioNet*. (*See id.*).

The Court disagrees. For one, MHA appears to overstate the holding in *CardioNet*. As United correctly points out, the Third Circuit's "rejection of arbitrability was premised on a notably narrow arbitration provision—one limited to 'disputes that might arise between the parties regarding the performance and interpretation of the Agreement'—which the Court found did not demonstrate an intent by the parties to arbitrate derivative claims that were not based in the underlying Agreement." (D.E. No. 20 at 4) (citing *CardioNet*, 751 F.3d at 174 n.7 & 176-79). United cites several cases that distinguish *CardioNet* on this basis. (*See id.* at 5-7). Further, *CardioNet* appears to acknowledge that derivative claims are arbitrable where the parties' agreement demonstrates an intent to arbitrate such claims. *See* 751 F.3d at 179 (stating that the court "would not force the Providers to arbitrate the claims derivatively—at least, absent a clear statement in that Agreement intimating that the parties intended to arbitrate such claims").

Moreover, under Supreme Court precedent, MHA's claim in this case is just that—MHA's claim. *See Sprint Commcn's Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 286, 290 (2008) (holding that a complete assignment of an injury and a claim confers on assignees "what are, due to that transfer, *legal rights of their own*") (emphasis in original). Here, there is nothing to suggest that the ERISA plan beneficiaries' assignment to MHA did not constitute a complete assignment to MHA. *See id.* at 286. MHA is therefore "asserting first-party, not third-party, legal rights." *See id.* at 290. And as the Court explained at length in its March 23, 2017 Opinion, MHA must arbitrate the arbitrability of its claims.

\*   \*   \*

For the foregoing reasons, United's motion to compel arbitration is GRANTED in relevant part. An appropriate Order follows.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**